Filed 7/27/26  P. v. Moreno CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW MORENO,<br><br>    Defendant and Appellant. | H053871<br>(Santa Clara County<br> Super. Ct. No. CC805539) |

In 2009, Matthew Moreno was convicted of attempted murder, and he was sentenced to an aggregate of 20 years to life in prison.  In 2025, Moreno petitioned for resentencing under Penal Code section 1172.6, but the trial court denied the petition.  (Subsequent undesignated statutory references are to the Penal Code.)

Moreno appealed, and we appointed counsel to represent him.  Counsel filed an opening brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), stating the case and the facts, but raising no issues and asking the court to review the record independently.  We notified Moreno of his right to file a supplemental brief on his own behalf (see *id.* at pp. 231-232), and Moreno did so.

Although we are not required to review the record independently on postconviction review (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231), we have done so.

As explained below, we conclude that there is no arguable issue for appeal and therefore affirm the order denying Moreno's petition.

## I. BACKGROUND

### A. The Offense

On the afternoon of May 15, 2008, R.C. was walking home from his job as a store's loss prevention officer when Moreno stabbed him. (To protect the victim's privacy, we refer to him by his initials only. (Cal. Rules of Court, rule 8.90(b)(4).)) The knife entered R.C.'s chest, leaving a four-centimeter wound less than an inch from his heart that took five staples to close.

A police officer working at an off-duty security job nearby witnessed the stabbing from his car. The officer exited the car, drew his firearm, and ordered both Moreno and R.C. to the ground. Another officer interviewed R.C. roughly an hour and a half after the stabbing. R.C. told the officer that he did not know Moreno and had never seen him before, but that Moreno had said to him, "Hey punk, remember me?" In addition, a knife with a four-inch blade was found near the scene of the altercation. DNA testing showed that the blood on the blade was R.C.'s and that Moreno was one of the sources of DNA on the handle.

### B. The Charges

The prosecutor filed an information charging Moreno with one count—attempted murder (§§ 187, 664)—along with enhancement allegations that Moreno used a deadly weapon (§ 12022, subd. (b)(1)) and that he attempted to murder R.C. "willfully, deliberately, and with premeditation" (§ 189). The information also alleged a prior strike conviction (§ 667, subd. (b)) and a prior serious felony conviction (§ 667.5, subd. (a)).

### C. The Trial and Sentencing

R.C. testified at trial, but he told the jury he could no longer remember what, if anything, Moreno had said to him.

The jury was instructed that to prove Moreno guilty of attempted murder the prosecution was required to prove two things: (1) the defendant took at least one direct but ineffective step towards killing R.C. and (2) "[t]he defendant intended to kill [R.C.]." In addition, with respect to the deliberation and premeditation allegation the jury was instructed "[t]he defendant Matthew Moreno acted *willfully* if he intended to kill when he acted. The defendant Matthew Moreno *deliberated* if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant Matthew Moreno *premeditated* if he decided to kill before acting." The jurors were not instructed on accomplice liability, the natural and probable consequences doctrine, or any other alternative theory that might have allowed them to impute malice from another to Moreno.

The jury found Moreno guilty of attempted murder, and it found true the allegation that Moreno "committed the attempted murder willfully, deliberately, and with premeditation." (Capitalization omitted.) The jury also found the weapon use allegation true, and Moreno later admitted the prior conviction allegations.

The trial court sentenced Moreno to 14 years to life for attempted murder, consecutive to five years for the prior serious felony enhancement and one year for the knife enhancement.

## D. Petition for Resentencing

In June 2025, Moreno filed a form petition for resentencing under section 1172.6, and he later filed a supplemental brief. The district attorney opposed, arguing that Moreno was ineligible for resentencing because the only theory of criminal liability presented to the jury was that he himself attempted to murder R.C. and did so with the intent to kill. The trial court agreed. It found at a hearing that "Mr. Moreno, based on the conviction in this particular docket, is not eligible for a resentencing based on the

3

conviction and the findings made by the jury in the case." It therefore denied resentencing.

Moreno filed a timely notice of appeal.

## II. DISCUSSION

In an appeal from an order denying postconviction relief, we generally are not required to conduct an independent review of the record where, as here, appellate counsel finds no arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231; see also *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [an issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be reversal or modification of the judgment].) However, if the defendant has filed a supplemental brief, we evaluate the arguments raised in that brief. (*Delgadillo*, at pp. 231-232.) Here, we have reviewed both the record and Moreno's brief. As explained below, we conclude there are no arguable issues for appeal.

### A. The Trial Court Ruling

The trial court correctly denied the petition for resentencing at the prima facie stage because the record of conviction showed Moreno acted with the intent to kill R.C. and therefore was ineligible for resentencing under section 1172.6.

#### 1. Section 1172.6

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437) "to more equitably sentence offenders in accordance with their involvement in homicides" and "to ensure that murder liability is not imposed on a person who is not an actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subds. (b), (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 846 (*Gentile*), superseded by statute on other grounds as stated in *People v. Oyler* (2025) 17 Cal.5th 756, 836.) This legislation "eliminated natural and probable consequences

4

liability for murder as it applies to aiding and abetting, and limited the scope of the felony murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  It also created a procedure, which is now in section 1172.6, "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Ibid*; see also Stats. 2022, ch. 58, § 10 [moving resentencing provision to section 1172.6].)

Under section 1172.6, a person is eligible for resentencing if three requirements are satisfied:  (1) The person was charged with murder under any theory in which malice is imputed based solely on participation in a crime (such as felony murder or the natural and probable consequences doctrine) or attempted murder under the natural and probable consequences doctrine, (2) the person was convicted of murder, attempted murder, or manslaughter, and (3) the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019"—Sen. Bill 1437's effective date.  (§ 1172.6, subd. (a)(3); see *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

Under section 1172.6, if a petitioner files a declaration stating that all requirements for eligibility are met (§ 1172.6, subd. (b)(1), (2)), a hearing is held to determine whether the petitioner has made out a prima facie case for relief and an order to show cause should be issued.  (§ 1172.6, subd. (c).)

We review de novo the denial of a section 1172.6 petition at the prima facie stage. (See, e.g., *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)  "[T]he prima facie inquiry . . . is limited" because "the 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972.)  As a general rule, the trial court " 'takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " (*Id*. at p. 971.)  However, "[c]onclusory allegations . . . are . . . subject to refutation by the record of conviction." (*People v. Patton* (2025) 17 Cal.5th 509, 564

5

(*Patton*).) If the record of conviction " ' "contain[s] facts refuting the allegations in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971.) But the record of conviction must "establish conclusively" such facts (*Strong*, *supra*, 13 Cal.5th at p. 708), and the record only conclusively establish that a petitioner is not eligible for resentencing under section 1172.6 if it "foreclose[s] that possibility *as a matter of law*." (*People v. Curiel* (2023) 15 Cal.5th 433, 470 (*Curiel*).)

### 2. *Application*

The trial court correctly determined that Moreno is ineligible, as a matter of law, for resentencing under section 1172.6 because the jury found he attempted to murder R.C. with an intent to kill. The verdict and the jury instructions—which are part of the record of conviction and therefore may be considered at the prima facie stage (*Patton*, *supra*, 17 Cal.5th at p. 564)—show that the jury was not instructed that Moreno could be found guilty of attempted murder based on the natural and probable consequences doctrine. Instead, the jury was instructed to find that Moreno attempted to commit murder only if he "intended to kill [R.C.]." In addition, the jury was instructed that to find true the deliberation and premeditation allegation it had to find that Moreno "intended to kill" or "decided to kill." Consequently, when the jury found Moreno guilty of attempted murder and found true the deliberation and premeditation allegation, it necessarily found that he attempted murder based on an intent to kill, a still-valid theory after Sen. Bill 1437—which means that he presently could be convicted of attempted murder (see § 1172.6., subd. (a)(3)) and is ineligible for resentencing under section 1172.6. (See, e.g., *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865 [denying petition for resentencing where record of conviction demonstrates that guilty verdict required a finding of intent to kill and therefore "eliminated the possibility that jurors relied on the natural and probable consequences doctrine to convict [defendant] of

6

attempted murder"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 954 [denying petition where jury found special circumstance requiring proof that defendant intended to kill or was major participant in the crime and acted with reckless indifference].)

## B. Moreno's Arguments

Moreno's arguments in his supplemental brief do not provide an arguable basis for this appeal. In the brief, Moreno contends that in denying his petition at the prima facie stage, the trial court impermissibly engaged in factfinding in violation of *People v. Lewis*, *supra*, 11 Cal.5th 952. As Moreno points out, in *Lewis*, the Supreme Court held that trial courts assessing whether a petitioner has made a prima facie showing for relief under section 1172.6 "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation]." (*Lewis*, at pp. 971-972.) However, *Lewis* also recognized that "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry" and "allow[] the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.) This is exactly what the trial court did in finding Moreno ineligible for resentencing based on the conviction and the findings made by the jury.

Moreno also contends that the verdict in his case cannot conclusively resolve the question of his intent and preclude relief. Specifically, citing *Gentile*, *supra*, 10 Cal.5th 830 and *People v. Lopez* (2022) 78 Cal.App.5th 1, he argues that a general verdict cannot prove that the jury did not rely on imputed malice. That is not correct. Where, as here, a jury is instructed that it must find an intent to kill or other fact in order to convict a defendant or find an allegation true, the court may treat that fact as conclusively established (*Curiel*, *supra*, 15 Cal.5th at p. 452), and when the facts so established show that a petitioner was convicted of murder under a still-valid theory, resentencing is precluded. (§ 1172.6, subds. (a)(3), (c); see also *Strong*, *supra*, 13 Cal.5th at p. 708 ["If

7

the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition."].)

Accordingly, we conclude that Moreno has failed to provide an arguable basis for appealing the denial of his petition for resentencing.

### III. DISPOSITION

The order denying the section 1172.6 petition is affirmed.

_____

BROMBERG, J.

WE CONCUR:

_____

GREENWOOD, P. J.

_____

DANNER, J.

*People v. Moreno*
H053871